IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,                                            8:16-CR-364

vs.

                                                 MEMORANDUM AND ORDER

ANTHONY CASAUS,

Defendant.

This matter is before the Court on the defendant's motion for compassionate release (filing 59) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The defendant's motion is based on the risk of COVID-19. *See* filing 59. But the defendant admits that he *already had* COVID-19. *See* filing 59 at 1. The Court acknowledges the theoretical possibility that the defendant's previous course of the disease *might* not confer lasting immunity, and that the defendant may or may not be negatively affected if he would contract the disease a second time. And the Court acknowledges that much remains to learn

about this disease. But at this point, despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional antibodies for the disease. *See* Robert D. Kirkcaldy et al., *COVID-19 and Postinfection Immunity*, JAMA (May 11, 2020), https://bit.ly/30mHSXS; Daniel M. Altmann et al., *What policy makers need to know about COVID-19 protective immunity*, 395 The Lancet 1527-29 (Apr. 27, 2020), https://bit.ly/2Unfu41. In other words, absent contravening information, the evidence suggests the defendant is *less* likely—perhaps far less likely—to be at risk of COVID-19 than other people, despite his other medical conditions.

And in addition, even if the risk to the defendant was more than hypothetical, the § 3553(a) factors bar his release. The defendant was sentenced in 2017 to 92 months' imprisonment, based on methamphetamine sale, the possession (and sale) of firearms, and a long, varied, and occasionally violent criminal history. *See* filing 47. The Court is not persuaded at this point, considering the nature and circumstances of the offense and the defendant's criminal history, that reducing his sentence at this point would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public. *See* § 3553(a). Accordingly,

IT IS ORDERED:

1.  The defendant's motion to appoint counsel (filing 58) is denied.

2.  The defendant's motion for compassionate release (filing 59) is denied.

3.  The Clerk of the Court shall provide a copy of this order to
    Supervising U.S. Probation Officer Aaron Kurtenbach.

Dated this 6th day of October, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

- 3 -